IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **PEDRO C. BALDOVINOS,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 06-5131-CV-SW-RED |
| | ) | Crim. No. 02-5008-05-CR-SW |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Now before the Court is Pedro C. Baldovinos's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (#1). After careful consideration, the Court **DENIES** the motion.

## BACKGROUND

On October 10, 2002, Baldovinos pled guilty to certain drug crimes pursuant to a plea agreement. The Court ordered a presentence investigation report and continued Baldovinos on the same conditions of release that had been imposed before the plea. On January 8, 2003, pretrial services issued a report asking the Court to revoke Baldovinos's release. The report indicated that on December 31, 2002, Baldovinos failed to report to pretrial services as ordered. Pretrial services investigated Baldovinos's whereabouts and determined that he traveled to Oregon. Baldovinos claims that he traveled to Oregon to be with a family member who had a stroke. He had not informed pretrial services about the trip.

On January 8, 2003, the Court issued an arrest warrant for Baldovinos. The United States Marshal's Service arrested Baldovinos on December 4, 2003. On December 18, 2003, the Court sentenced Baldovinos to 140 months confinement. The Court did not grant Baldovinos a reduction

of sentence for acceptance of responsibility under U.S.S.G. § 3E1.1, and the Court enhanced Baldovinos's sentence two points for obstruction of justice under U.S.S.G. § 3C1.1 because Baldovinos failed to surrender until he was arrested in December 2003.

Baldovinos argues that his counsel was ineffective for failing to argue that he should receive a reduction for acceptance of responsibility and not receive an enhancement for obstruction of justice because his counsel assured him before his trip that his decision to go to Oregon would not affect his sentence. The government responds with an affidavit from Baldovinos's attorney in which she attests that she did not make any assurances to Baldovinos and that she did not know that Baldovinos had fled to Oregon until the Court issued an arrest warrant.[1]

## DISCUSSION

A § 2255 motion can be denied without a hearing if "the [movant's] allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Baldovinos claims that he talked with his attorney before traveling to Oregon and she assured him that his trip would not impact his sentence. His attorney, however, attests that such a conversation never occurred. Such a conversation would not account for Baldovinos's absence for more than 11 months. It would also not be consistent with Baldovinos's allegation that, upon his arrest, Baldovinos's counsel said to him "What are you doing here? Someone told me you had gone to Mexico and that you were not coming back. That is why I never attempted to contact you." Baldovinos's allegations are contradicted by his own admissions and by the record. His allegations

---

[1] The government also argues that Baldovinos's motion is untimely. The Court finds that Baldovinos's motion should be denied regardless of whether it is timely. Accordingly, the Court does not address the government's timeliness argument.

2

are inherently incredible.

To the extent Baldovinos attempts to argue that his actions did not amount to obstruction of justice under U.S.S.G. § 3C1.1, the Court is guided by Application Note 4(e). It states that "willfully failing to appear, as ordered, for a judicial proceeding" should result in a two point enhancement for obstruction of justice. Regardless of the reasons for his absence, Baldovinos willfully failed to appear for his sentencing hearing, and he willfully failed to report to pretrial services as ordered by the Court.

## CONCLUSION

Pedro C. Baldovinos's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (#1) is **DENIED**.

**IT IS SO ORDERED.**

DATE: May 4, 2007

*/s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

3